UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONRADO PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT RUDAS, et al.,<br><br>    Defendants. | No. 2:25-cv-3172 CSK P<br><br>ORDER |

**I. INTRODUCTION**

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4       Plaintiff is granted an opportunity to elect to proceed with his Eighth Amendment claim
5  against defendant Rudas or may elect to amend his complaint as discussed below.

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

1    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
2    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
3    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
4    quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
5    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
6    pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
7    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8    **III. DISCUSSION**

9        Named as defendants are Dr. Robert Rudas, Dr. Daram Vasuki and Registered Nurse
10   Olsen. (ECF No. 1 at 1.) Plaintiff claims that defendants provided inadequate medical care in
11   violation of the Eighth Amendment. (Id. at 6.) Plaintiff claims that defendant Rudas provided
12   inadequate medical care during and after the removal of plaintiff's ingrown toenail, causing the
13   amputation of plaintiff's toe. (Id. at 6-13.) Plaintiff states a potentially colorable Eighth
14   Amendment claim against defendant Rudas.

15       For the following reasons, plaintiff's claims against defendants Vasuki and Olsen are
16   dismissed with leave to amend. This Court below sets forth the relevant allegations against
17   defendants Vasuki and Olsen. Plaintiff claims that on February 26, 2025, plaintiff was sent to
18   San Joaquin Hospital because his foot was in great pain. (Id. at 10.) At the hospital, plaintiff was
19   given two IV's and morphine. (Id.) After four days, plaintiff returned to Mule Creek State
20   Prison. (Id.) On March 11, 2025, plaintiff's foot began to hurt again and from that day on it got
21   worse. (Id.) Apparently on or around March 11, 2025, defendant Vasuki told defendant Olsen to
22   start plaintiff on morphine twice a day and to add stronger antibiotics. (Id.) Plaintiff then claims,
23   "[t]hen one day a new nurse showed up and I told her I was having problems seeing…my eye[s]
24   were failing me and at night I couldn't get to sleep…I was vomiting multiple times a day…I felt
25   weak…" (Id.) The following week, another nurse unwrapped plaintiff's foot. (Id. at 11.) After
26   seeing plaintiff's injury, the nurse went to get a doctor. (Id.) The doctor looked at plaintiff's foot
27   and said, "let's get him to transport." (Id.) Plaintiff was taken back to San Joaquin Hospital.
28   (Id.) While at the hospital, plaintiff's toe was amputated. (Id.)

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Id. at 1096 (internal quotation marks and citations omitted). A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. See Jett, 439 F.3d at 1096.

It is not clear how defendant Vasuki's order for plaintiff to receive morphine and stronger antibiotics demonstrated deliberate indifference to plaintiff's serious medical need, i.e., plaintiff's injured toe. According to the complaint, when defendant Vasuki made these orders, plaintiff's only symptom was increased pain. Plaintiff does not claim that defendant Vasuki examined plaintiff's toe. Plaintiff also claims that after defendant Vasuki made these orders, plaintiff suffered more serious symptoms such as vomiting and weakness. This Court finds that plaintiff fails to plead sufficient facts demonstrating that defendant Vasuki's orders for increased morphine and stronger antibiotics demonstrated deliberate indifference. Accordingly, plaintiff's Eighth Amendment claim against defendant Vasuki is dismissed with leave to amend.

Plaintiff's only claim against defendant Olsen is that she followed defendant Vasuki's orders for plaintiff to receive morphine and stronger antibiotics. Plaintiff fails to demonstrate how defendant Olsen's following of defendant Vasuki's orders demonstrated deliberate indifference. Accordingly, plaintiff's Eighth Amendment claim against defendant Olsen is dismissed with leave to amend.

///

## IV. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant Rudas and pursue his potentially cognizable Eighth Amendment claim against only defendant Rudas, or he may delay serving any defendant and attempt to state cognizable claims against defendants Vasuki and Olsen. If plaintiff elects to proceed forthwith against defendant Rudas, against whom he stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants Vasuki and Olsen without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state cognizable claims against defendant Vasuki and Olsen. If plaintiff elects to attempt to amend his complaint to state cognizable claims against defendants Vasuki and Olsen, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

**V. MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to

meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Vasuki and Olsen are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants Vasuki and Olsen.  Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state a potentially cognizable Eighth Amendment claim against defendant Rudas.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claim, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

6. Plaintiff's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Dated:  November 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pere3172.14/2

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONRADO PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT RUDAS, et al.,<br><br>    Defendants. | No. 2:25-cv-3172 CSK P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his Eighth Amendment claim against defendant Rudas. Under this option, plaintiff consents to dismissal of the Eighth Amendment claims against defendants Vasuki and Olsen without prejudice.

**OR**

_____    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                           Plaintiff