UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONRADO PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT RUDAS, et al.,<br><br>　　　　Defendants. | No.  2:25-cv-3172 TLN CSK P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the following reasons, no further orders will issue addressing the pleading filed by plaintiff on December 4, 2025 docketed as "Notice by Jose Conrado Perez re health conditions."  (ECF No. 16.)

　　　　This action proceeds on plaintiff's complaint filed October 31, 2025 against defendant Dr. Robert Rudas employed at Mule Creek State Prison ("MCSP").  (ECF No. 17 at 1.)  Plaintiff claims that defendant Rudas provided inadequate medical care in violation of the Eighth Amendment during and after the removal of plaintiff's ingrown toenail, causing the amputation of plaintiff's toe.  (Id.)

　　　　In the pleading filed December 4, 2025, plaintiff states that on November 17, 2025, plaintiff had a "real bad day" because plaintiff had a stroke.  (ECF No. 16 at 1.)  Plaintiff states that plaintiff was taken to the hospital.  (Id.)  Plaintiff could not walk, think or see straight.  (Id.)

1

Plaintiff states, "Please help me."  (Id.)

Federal Rule of Civil Procedure 7(b)(1) states that a request for a court order must be made by motion.  A motion for a court order must state with particularity the grounds for seeking the order and state the relief sought.  Fed. R. Civ. P. 7(b)(1)(B), (C).  To the extent plaintiff's pleading filed December 4, 2025 seeks an order from this Court, plaintiff's pleading is defective because it is not made by motion as required by Rule 7(b)(1).  In addition, plaintiff's pleading does not state with particularity the grounds for seeking the order and the specific relief sought.  This Court also observes that the claims raised in plaintiff's pleading regarding plaintiff's stroke appear unrelated to the claims on which this action proceeds against defendant Rudas.  This Court lacks authority to grant relief unrelated to the claims on which this action proceeds.  See Pac. Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").  This Court also observes that plaintiff is currently incarcerated at the California Health Care Facility ("CHCF").  Plaintiff is informed that this Court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Accordingly, IT IS HEREBY ORDERED that no further orders will issue addressing plaintiff's notice regarding health conditions filed December 4, 2025.  (ECF No. 16.)

Dated:  December 11, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pere3172.ord/2

2