UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CONRADO PEREZ, Plaintiff, v. ROBERT RUDAS, Defendant. | 2:25-cv-03172-TLN-CSK **ORDER CONSOLIDATING ACTIONS** |
| JOSE CONRADO PEREZ, Plaintiff, v. DARAM VASUKI, Defendant. | 2:26-cv-02647-ICD |

Defendants Robert Rudas, M.D., and Vasuki Sittampalam, M.D., have moved under Federal Rule of Civil Procedure 42(a) to consolidate *Perez v. Rudas*, No. 2:25-cv-03172-TLN-CSK (ECF No. 41), and *Perez v. Vasuki*, No. 2:26-cv-02647-ICD (ECF No. 18). Plaintiff has not filed an opposition to Defendants' motions to consolidate. The Court has considered the motion, the supporting declaration, and the records in both actions.

Federal Rule of Civil Procedure 42(a) allows district courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion to consolidate cases and may do so *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2383 at n.37). "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by the consolidation." *Conerly v. Veracity Research*, No. 2:19-cv-01021-KJM-KJN, 2019 WL 4392415, at *1 (E.D. Cal. Sept. 13, 2019) (citing *Sw. Marine, Inc. v. Triple A. Mach. Shop., Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)).

The Court finds that because the actions were brought by the same Plaintiff, arise from the same course of medical treatment of Plaintiff's right great toe at Mule Creek State Prison in February and March 2025, assert the same Eighth Amendment claim of deliberate indifference to serious medical needs, and will involve the same records and witnesses, the actions will be consolidated. The claim asserted in *Vasuki* was first pleaded in *Rudas* and was dismissed on screening with leave to amend. Consolidation and assignment of the actions to a single court is likely to affect a substantial savings of judicial effort and other economies, and it would entail substantial duplication of labor if the actions were heard as different cases. The Court further finds that the actions involve common questions of law and fact, that consolidation will avoid unnecessary cost and delay, and that consolidation will not prejudice any party. Fed. R. Civ. P. 42(a).

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' Motion to Consolidate Actions (ECF No. 41) is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 42(a), *Perez v. Rudas*, No. 2:25-cv-03172-TLN-CSK, and *Perez v. Vasuki*, No. 2:26-cv-02647-ICD, are CONSOLIDATED for all purposes. *Perez v. Rudas*, No. 2:25-cv-03172-TLN-CSK, is designated the lead case.

3. All future filings in the consolidated action shall be made in the lead case, No. 2:25-cv-03172-TLN-CSK and shall bear a consolidated caption listing the lead case number. The

Clerk of the Court is directed to file a copy of this Order in both actions and to administratively close the member case.

IT IS SO ORDERED.

DATE: October 29, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE